2004 ND 193

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kenneth MURCHISON, Defendant and Appellant.**

**No. 20030328.**

Supreme Court of North Dakota.

Oct. 15, 2004.

Tyrone Jay Turner (on brief), Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Wayne D. Goter (on brief), Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] Kenneth Murchison appealed from a judgment of conviction for the felony offense of assault on a correctional institution employee. We conclude Murchison was not deprived of a fair trial because he was denied his right to effective assistance of counsel or because he was denied his right to an impartial and unbiased trial judge, and we affirm.

I

[¶ 2] Murchison, an inmate at the state penitentiary, was charged with assault on a correctional institution employee, in violation of N.D.C.C. § 12.1–17–01, a class C felony. Murchison was found guilty by a jury, and the trial court sentenced him to three years incarceration at the state penitentiary, to be served consecutively to the

sentence he was serving at the time he committed the offense.

## II

[¶ 3] On appeal, Murchison asserts he was denied his constitutional right to effective assistance of counsel, because he was not provided court-appointed counsel at his preliminary hearing on September 19, 2003. A chronological recitation of the facts surrounding Murchison's prosecution and ultimate conviction is necessary for an understanding and resolution of this issue. A criminal complaint charging Murchison with criminal assault was filed on July 22, 2003, alleging Murchison committed the offense on June 12, 2003. It is undisputed that Murchison requested the court to appoint legal counsel for him at his initial appearance on August 15, 2003.

[¶ 4] Murchison appeared without counsel at the September 19, 2003 preliminary hearing. He had not filed an application demonstrating he was indigent, entitling him to court-appointed counsel; therefore, no counsel had been appointed to represent him by that date. Murchison informed the court that he thought he had completed the necessary documents at the state penitentiary to receive court-appointed counsel and he thought the documents had been forwarded to the court by the penitentiary officials. Murchison objected to a continuance of the preliminary hearing, so it was held as scheduled with Murchison representing himself. The court found probable cause to bind Murchison over for trial on the charges and a trial date was set for October 23, 2003. Later that day, Murchison filed appropriate papers demonstrating he was indigent and the court appointed counsel to represent him.

[¶ 5] Subsequently, Murchison's attorney indicated Murchison would be changing his plea. The jury trial was canceled, and on October 23, 2003 a hearing was held concerning Murchison's change of plea. At that hearing the State informed the court Murchison would enter a conditional guilty plea with a right to appeal the issue of the court's failure to provide him an attorney at the September 19, 2003 preliminary hearing. In addition, the State recommended that Murchison receive a two-year sentence of incarceration for the offense, with all but six months suspended for three years. The court rejected Murchison's change of plea, stating the non-binding plea agreement was not acceptable. The jury trial was rescheduled for October 30, 2003.

[¶ 6] On October 28, 2003, Murchison filed an amended motion to dismiss the charges filed against him on the ground that he was denied his right to effective assistance of counsel at the September 19, 2003 preliminary hearing and on the ground that authorities denied him the right to attend the hearing on October 23, 2003, by failing to transport him there. Murchison also requested dismissal of the charges on the ground that the trial court was biased against him, because the judge had prosecuted him for a prior offense. In an order dated October 29, 2003, the trial court denied Murchison's motion for dismissal. Additionally, the trial court scheduled a second preliminary hearing, explaining:

> When the motion to dismiss was filed, I asked that a preliminary hearing be scheduled. While it could certainly be argued the defendant waived his right to be represented by an attorney at the preliminary, it seemed to me the issue could be easily resolved. Defense counsel indicated he was unavailable on October 28th or 29th, so the preliminary hearing was scheduled for 8 a.m. on October 30th.

[¶ 7] On October 30, 2003, Murchison appeared with his court-appointed counsel, who indicated they were ready to proceed with the preliminary hearing. At the conclusion of the hearing, the court found probable cause to bind Murchison over for trial on the assault charges and asked the parties if they would like to have a second arraignment. After conferring with Murchison, defense counsel informed the court the defendant was ready to proceed to trial.

[¶ 8] The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and Art. I, § 12 of the North Dakota Constitution, guarantee a criminal defendant effective assistance of counsel. *State v. Hilgers*, 2004 ND 160, ¶ 5, 685 N.W.2d 109. A defendant has a fundamental right to counsel during all critical stages of the prosecution. *Ernst v. State*, 2004 ND 152, ¶ 8, 683 N.W.2d 891. In our state, the preliminary hearing is for the purpose of determining whether there is probable cause to believe the defendant committed the crime charged, requiring the accused to stand trial. N.D.R.Crim.P. 5.1. At that hearing, the defendant has the right to cross-examine adverse witnesses and may introduce evidence. *Id.; see also State v. Kunkel*, 366 N.W.2d 799, 801 (N.D.1985). A preliminary hearing conducted for this purpose and of this type is considered a critical stage of the proceedings at which the defendant has a constitutional right to representation by counsel. *Coleman v. Alabama*, 399 U.S. 1, 9–10, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), *see also Beck v. Bowersox*, 362 F.3d 1095, 1101 (8th Cir.2004).

[¶ 9] Additionally, our rules of criminal procedure set forth the right to appointed counsel:

Absent a knowing and intelligent waiver, every indigent defendant is entitled to have counsel appointed at public expense to represent the defendant at every stage of the proceedings from initial appearance before a magistrate through appeal in the courts of this state in all felony cases.

N.D.R.Crim.P. 44(a). However, there is no legal reason to appoint counsel for someone who can afford and obtain his own attorney. *State v. DuPaul*, 527 N.W.2d 238, 241 (N.D.1995). Before counsel will be appointed, a defendant has the burden of establishing he is indigent and qualifies for appointment of counsel. *State v. Schneeweiss*, 2001 ND 120, ¶ 10, 630 N.W.2d 482. The waiver of the right to counsel must be voluntary, knowing, and intelligent. *City of Fargo v. Habiger*, 2004 ND 127, ¶¶ 17, 23, 682 N.W.2d 300. The standard of review on an alleged denial of a constitutional right to counsel is de novo. *Id.* at ¶ 18. Whether there has been an intelligent waiver of constitutional rights depends upon the facts and circumstances of each particular case, including the background, the experience, and the conduct of the accused. *State v. Ochoa*, 2004 ND 43, ¶ 16, 675 N.W.2d 161.

[¶ 10] The facts of this case are rather unique and atypical. It is undisputed Murchison requested assistance of counsel at his initial appearance on August 15, 2003, but was not represented by counsel at the September 19, 2003 preliminary hearing, because he had not submitted documents showing indigency. Nevertheless, Murchison objected to a continuance and proceeded to represent himself at that hearing. As the trial court indicated, a good argument could be made Murchison waived his right to counsel at the September 19, 2003 preliminary hearing. However, we do not have to make that determination to resolve the issue before us, because Murchison was afforded a second preliminary hearing at which he was rep-

resented by court-appointed counsel. Murchison did not object to the second preliminary hearing, which was held on October 30, 2003, and he informed the court he was ready to proceed. After the hearing, the court found probable cause to bind Murchison over for trial and asked if Murchison wanted a second arraignment. After discussing the matter with his attorney, Murchison indicated, through his attorney, that he was ready to proceed to a jury trial on the charges. Under these circumstances, we conclude that Murchison waived the issue of whether he was denied effective assistance of counsel at the September 19, 2003 preliminary hearing. Murchison received a preliminary hearing at which he was represented by counsel on October 30, 2003, and he thereafter continued to be represented by counsel at all stages of the prosecution against him.

[¶ 11] A defendant cannot sit silently and acquiesce in criminal procedures, raising no objection, and then assert on appeal that he was denied constitutional rights. *See State v. Antoine,* 1997 ND 100, ¶ 8, 564 N.W.2d 637 (defendant could not by his actions acquiesce in his attorney's decision that he not testify and then later argue that he was denied his constitutional right to testify on his own behalf); *State v. Waters,* 542 N.W.2d 742, 745 (N.D. 1996) (by neglecting to move for a continuance in a timely manner the defendant waived any claim he was denied his constitutional right to counsel of choice); *State v. Pitman,* 427 N.W.2d 337, 343 (N.D.1988) (when defendant, who was represented by counsel, waived his right to trial he was required to do more than simply request that the state prove he validly waived a trial). We hold Murchison waived his right to assert he was denied court-appointed counsel at the September 19, 2003 preliminary hearing.

## III

[¶ 12] Murchison also asserts that he was deprived of a fair trial, because he was denied his right to a trial judge who was impartial and unbiased. Murchison asserts the trial judge was not impartial because she previously prosecuted Murchison for a prior criminal offense. He also argues the trial judge showed bias by not allowing the prosecutor to make a sentence recommendation and by immediately sentencing Murchison after the jury returned its verdict, without asking for a presentence investigation or inquiring whether the parties wanted such an investigation.

[¶ 13] The Canons under the Judicial Code of Conduct govern the disqualification of a judge for bias or prejudice:

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

(a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceedings.

N.D.Code Jud. Conduct Canon 3(E)(1)(a). When making recusal decisions, the judge must determine whether a reasonable person could, on the basis of all the facts, reasonably question the judge's impartiality. *Farm Credit Bank of St. Paul v. Brakke,* 512 N.W.2d 718, 721 (N.D.1994). Recusal is not required in response to spurious or vague charges of partiality. *Id.* The inquiry here is whether a reasonable person could, on the basis of the objective facts, reasonably question the judge's impartiality. *See Sargent County Bank v. Wentworth,* 500 N.W.2d 862, 878 (N.D.1993).

[¶ 14] Regarding the issue of judicial prejudice and bias, the trial judge, in her October 29, 2003 order denying the defendant's motion to dismiss, stated:

The defense also suggests I should recuse because I may have prosecuted the defendant. Although I don't remember any details, I believe it is possible I prosecuted the defendant. I haven't been a prosecutor for more than 16 years, and my prior involvement in a case entirely unrelated to the one now pending is not a cause for recusal. Simply put, I have no bias or prejudice against the defendant.

The defendant has merely made a vague assertion the trial judge may have prosecuted him years ago on a prior offense. He has not submitted any evidence to support his claim. The trial judge states she has no recollection of such a prosecution and that she harbors no bias or prejudice against the defendant. Without more, we conclude the defendant's claim of bias and prejudice by the trial court against him is insufficient for a reasonable person to question the trial judge's impartiality in this case.

[¶ 15] The trial judge is ordinarily allowed the widest range of discretion in fixing a criminal sentence. *State v. Bell*, 540 N.W.2d 599, 601 (N.D.1995). Our review of the sentence is generally confined to whether the court acted within the statutory sentencing limits. *State v. Faleide*, 2002 ND 152, ¶ 4, 652 N.W.2d 312. We may also vacate a trial judge's sentencing decision if the judge substantially relied on an impermissible factor in determining the severity of the sentence. *Bell*, 540 N.W.2d at 601.

[¶ 16] After the jury returned its verdict, the trial judge indicated she would proceed to sentencing. The court heard from both the prosecuting attorney and Murchison's counsel. The court then asked Murchison if he wanted to say anything before sentence was imposed. Murchison indicated that he did not. Murchison made no objection to the court's sentencing procedure and did not request a presentence investigation. The sentence was within the statutory limits and there is no allegation the court relied upon an impermissible factor in determining the severity of the sentence. Under these circumstances, we conclude Murchison failed to demonstrate the court committed error in conducting the sentencing proceedings and failed to demonstrate prejudice or bias by the judge in imposing the sentence.

## IV

[¶ 17] We hold Murchison waived his right to assert he was denied a fair trial by being denied representation by court-appointed counsel at the September 19, 2003 preliminary hearing. We further hold Murchison failed to demonstrate he was denied a fair trial because the trial judge was prejudiced or biased against him. We, therefore, affirm the judgment of conviction.

[¶ 18] GERALD W. VANDE WALLE, C.J., BRUCE E. BOHLMAN, D.J., WILLIAM A. NEUMANN, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 19] The Honorable BRUCE E. BOHLMAN, D.J., sitting in place of SANDSTROM, J., disqualified.