2006 ND 184

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Todd Alan DAILEY, Defendant and Appellant.**

No. 20060030.

Supreme Court of North Dakota.

Aug. 24, 2006.

Jerod Elton Tufte, State's Attorney, Steele, N.D., for plaintiff and appellee; submitted on brief.

David Neil Ogren, Wishek, N.D., for defendant and appellant; submitted on brief.

CROTHERS, Justice.

[¶ 1] Todd Dailey appeals from a criminal judgment entered after a jury found him guilty of driving under the influence and manslaughter. We conclude the district court's statements after the jury returned its verdict do not indicate the court was biased or prejudiced against Dailey and the district court did not abuse its discretion in sentencing Dailey. We affirm.

I

[¶ 2] Dailey was charged with driving while under the influence of intoxicating liquor, a fifth offense in seven years, in violation of N.D.C.C. § 39–08–01, a class C felony; and manslaughter, in violation of N.D.C.C. § 12.1–16–02, a class B felony. After a jury trial on November 15 and 16, 2005, the jury found Dailey guilty of both charges.

[¶ 3] After the jury verdict was announced, the district court judge told the jury:

THE COURT: Members of the jury, thank you very much. We can't do this without you. There's a couple of things I'm going to take care of right now before you take off. The thanks of the Court. I really appreciate you doing this. This is a Kidder County case and the sentencing is going to be in Kidder County. But you should know the Count I, the Driving Under The Influence, this is a fifth offense for Mr. Dailey. This is a felony. And Mr. Dailey had written a letter to the Court asking that two of the Judges, Judge Hagerty and Judge Haskell, not be involved because Mr. Dailey thought they knew too much about him because he had been in drug court. Mr. Dailey, you finished drug court in December, 2004, did you not?

MR. DAILEY: August.

THE COURT: August of 2004. And I think when you finished drug court, you went in there for a fifth offense DUI, did you not?

MR. DAILEY: Fourth.

THE COURT: Fourth. All right. Well, in any case, Mr. Dailey is a graduate of drug court, and unfortunately, he's not a success, one of the people who has not been able to succeed in drug court, and he had that opportunity. So, we are going to have a sentencing up in Kidder County, and that will be after a pre-sentence investigation is ordered. Mr. Dailey, your bond is now going to be revoked. The bail will be retained until we decide what to do with it. The deputy will take you into custody and the sentencing will be held after a pre-sen-

tence investigation is taken. So, if you will do that, I will appreciate that.

All right, members of the jury, that completes this matter. Thank you very much for your attention and thank you very much for your service. I really appreciate you taking care of this for us down here in Emmons County. Ok? Thank you.

[¶ 4] Two months later the district court sentenced Dailey to ten years in prison and ordered him to pay a fine of $10,000 on the manslaughter count. The court also sentenced Dailey to five years, with eighteen months in prison and forty-two months suspended for five years, and ordered him to pay a fine of $1,000 on the count of driving under the influence, with both sentences to run concurrently.

II

[¶ 5] Dailey argues the district court judge's statements to the jury, made after the verdict was announced, indicates the judge was biased or prejudiced against him and the judge should have been disqualified from imposing the sentence. He claims it was unnecessary for the judge to tell the jury about his previous convictions and upcoming sentencing, and the only effect was to raise a question about the judge's bias or prejudice. He admits the judge could have made the same comments at sentencing, but argues it is not appropriate for a judge to publicly comment on a defendant's background and other sentencing issues before sentencing. Dailey requests his sentence be vacated and the case remanded for re-sentencing by a different judge.

[¶ 6] "[T]he failure to raise the question of judicial bias in the [district] court ordinarily precludes our review of that question on appeal." *Delzer v. United Bank*, 484 N.W.2d 502, 509 (N.D.1992). Dailey did not object to the judge's com-

ments, raise the issue of judicial bias in the district court, or move for a new trial. Our review is therefore limited to whether the claimed error is obvious error under N.D.R.Crim.P. 52(b). *See State v. Bertram*, 2006 ND 10, ¶ 17, 708 N.W.2d 913. Error is not obvious unless there is a clear deviation from an applicable legal rule under current law, which affects substantial rights, and requires Dailey to show the error was prejudicial, or affected the outcome of the proceedings. *Id.* Dailey has the burden of establishing obvious error by showing error that is plain and affects his substantial rights. *Id.*

[¶ 7] Disqualification decisions are governed by the North Dakota Code of Judicial Conduct. *Farm Credit Bank v. Brakke*, 512 N.W.2d 718, 720 (N.D.1994). Cannon 3(A)(5), N.D.Code Jud. Conduct, states, "[a] judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice...." Cannon 3(E)(1), N.D.Code Jud. Conduct, states, "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned,...." The "'primary concern is the preservation of public respect and confidence in the integrity of the judicial system,'" and even without intentional bias, disqualification may be necessary to satisfy the appearance of justice. *Brakke*, at 720 (quoting *Sargent County Bank v. Wentworth*, 500 N.W.2d 862, 877–78 (N.D.1993)). In *Brakke*, at 720 (quoting *Terry v. State*, 602 N.E.2d 535, 540 (Ind.Ct.App.1992)), this Court said, "'[t]he law presumes a judge is unbiased and not prejudiced.'"

[¶ 8] In this case, the statements the district court judge made were facts the judge learned while presiding over the case. Dailey had four prior DUI convic-

tions, he requested specific judges not preside over the case because of his past relationship with the judges, and he had failed drug court. It is in the nature of the judicial process for a judge to assess the defendant's conduct and form an opinion on the merits of the case. *See State v. Crescenzo*, 114 R.I. 242, 332 A.2d 421, 432 (1975). Dailey does not allege any misconduct occurred during the trial. The jury had already reached a verdict and the judge's statements did not affect the outcome of the trial.

[¶ 9] We cannot say that the district court judge's comments are any indication of bias or prejudice against Dailey. Rather than being critical, we appreciate that courts explain after the verdict has been reached, what will occur after the jury's role ends. Jurors may become confused about how they fit into the judicial process and they may feel like their role was not important. *See* Bethany K. Dumas, *Symposium: Communicating with Juries: Jury Trials: Lay Jurors, Pattern Jury Instructions, and Comprehension Issues*, 67 Tenn. L.Rev. 701, 705–06 (2000) (many see jury duty as pointless, thankless, and oppressive). Public trust and confidence in the judiciary is promoted when jurors and the public understand why juries are important to the judicial system. Giving the jury information about a defendant and what occurs after the trial has ended will help to clarify the process for jurors and allow them to understand how their role fits into the overall criminal case.

[¶ 10] Dailey admits the district court judge could consider his background and make the same comments during sentencing. These are facts the judge could consider during sentencing, and Dailey could have been sentenced immediately. *See State v. Murchison*, 2004 ND 193, ¶ 16, 687 N.W.2d 725 (pre-sentence investigation not required). During sentencing, a judge

may express his appraisal of the defendant's conduct and may do so in such a manner that will impress upon the defendant the error of his ways. *Simmons v. United States*, 302 F.2d 71, 77 (3rd Cir. 1962). The judge's effort to help the defendant understand the wrongful nature of his conduct does not indicate bias or prejudice. *Id.* We reject Dailey's claim that the judge erred in making the statements to the jury after the verdict was announced, particularly when the judge could have sentenced Dailey immediately and made the same statements during sentencing.

III

[¶ 11] "Our review of the sentence is generally confined to whether the court acted within the statutory sentencing limits." *Murchison*, 2004 ND 193, ¶ 15, 687 N.W.2d 725. A district court judge is allowed the widest range of discretion in sentencing. *Id.*

[¶ 12] Dailey was sentenced to ten years in prison and ordered to pay a fine of $10,000 on the manslaughter count. Under N.D.C.C. § 12.1–32–01, the maximum penalty for a class B felony is ten years imprisonment, a fine of ten thousand dollars, or both. On the count of driving under the influence, Dailey was sentenced to five years, with eighteen months in prison and forty-two months suspended for five years starting after the ten year incarceration for manslaughter, and ordered to pay a fine of $1,000. Under N.D.C.C. § 12.1–32–01, the maximum penalty for a class C felony is five years imprisonment, a fine of five thousand dollars, or both. Dailey was sentenced within the statutory sentencing limits, and we conclude the court did not abuse its discretion in sentencing him.

IV

[¶ 13] We conclude Dailey failed to show the district court judge's statements

constituted obvious error affecting his substantial rights and the district court did not abuse its discretion in sentencing Dailey. We affirm.

[¶ 14] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.