2007 ND 16

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Kenneth Robert LOUGHEAD, Defendant and Appellant.**

No. 20060160.

Supreme Court of North Dakota.

Feb. 1, 2007.

Robin Thompson Gordon (on brief), State's Attorney, Drake, ND, for plaintiff and appellee.

Kenneth R. Loughead (on brief), pro se, defendant and appellant.

KAPSNER, Justice.

[¶ 1] Kenneth Loughead appeals from a judgment entered after a bench trial for failing to properly tag a big game animal. We conclude Loughead's constitutional rights were not violated, and he did not receive ineffective assistance of counsel. We affirm the district court.

I

[¶ 2] In November 2005, Game Warden Ken Skuza received an anonymous RAP (Report All Poaching) tip concerning a deer that was shot and not immediately tagged in McHenry County. The tipster noted the deer was located in a red Dodge pickup belonging to Loughead's hunting partner. Skuza located the pickup and approached several men standing near it. Skuza asked the men who owned the pickup. Once the owner was identified, Skuza asked him about the untagged deer. The owner informed Skuza that Loughead shot the deer, and the carcass was in the truck owner's quonset. Upon viewing the untagged deer, the wardens seized Loughead's unused deer tag and the rifle used to take the animal.

[¶ 3] An attorney represented Loughead in pretrial proceedings. The attorney filed several motions on Loughead's behalf, including motions to dismiss based on prejudice and bias; to return the seized rifle; to reduce the amount of bond, to produce copies of discovery material; and to establish Loughead's membership in the Little Shell Band of North America. The district court denied Loughead's motions. After the pretrial rulings, the attorney informed the court that Loughead "want[ed]

to represent himself pro se." After a colloquy about self-representation, the court allowed Loughead to represent himself. During the bench trial, Loughead cross-examined the State's witnesses and made numerous objections to the manner in which the State presented evidence. Loughead also made claims against the government, including evidence tampering. In his defense, Loughead presented no evidence or witnesses and did not testify at his trial. At the conclusion of the bench trial, the court convicted Loughead.

[¶ 4] Loughead appealed, but then filed a motion to arrest judgment under N.D.R.Crim.P. 34 on the grounds that the court and prosecutor "exceeded their authority and [gave him] a severely harsh punishment without justification." Loughead also filed an application that this Court treated as an application for post-conviction relief challenging only the severity of his sentence. We temporarily remanded the case to the district court for the limited purpose of considering Loughead's pending motions. The district court denied Loughead's motion to arrest judgment and post-conviction relief application, stating the "sentence, including all of the terms and conditions of [Loughead's] probation is well within the minimum and maximum amount which the Court could impose. The sentence is typical . . . and the Court does not find that it is cruel and unusual." Loughead appealed from the judgment, the denial of his motion to arrest judgment, and the denial of his motion for post-conviction relief.

## II

[¶ 5] On appeal, to the extent we can discern his issues, Loughead argues he was denied the right to confront and cross examine witnesses against him; he

was not read his *Miranda* rights; he received the ineffective assistance of counsel; the evidence was insufficient to support his conviction; the State vindictively prosecuted him; the State improperly examined witnesses at trial; the State failed to disclose discovery material; and the sentence was harsh and cruel. Essentially, Loughead raises Fifth, Sixth, Eighth, and Fourteenth Amendment claims. The State argues Loughead failed to adequately present this case for appellate review; the handling of the investigation, prosecution, and trial against Loughead was legally authorized; Loughead received adequate assistance of counsel; and the pronounced sentence was legally authorized.

## III

[¶ 6] Loughead claims a litany of his constitutional rights were violated by the manner in which he was investigated and prosecuted. His primary constitutional claim is that the State failed to provide him with the name of the anonymous RAP tipster who indicated there was an untagged deer in the bed of Loughead's hunting partner's vehicle. With respect to this concern, Loughead claims the failure to disclose the identity of this tipster violated his Fifth Amendment due process rights and his confrontation rights. We conclude his claims are without merit.

## A

[¶ 7] Loughead's concern with the ability to confront and cross-examine the RAP tipster can be characterized as a Sixth Amendment Confrontation Clause argument. "The Sixth Amendment guarantees a criminal defendant the right 'to be confronted with the witnesses against him' in all criminal prosecutions." *City of*

*Fargo v. Komad,* 2006 ND 177, ¶ 5, 720 N.W.2d 619 (quoting U.S. Const. Amend. VI; *City of Mandan v. Baer,* 1998 ND 101, ¶ 8, 578 N.W.2d 559). The denial of a criminal defendant's Sixth Amendment right to confront witnesses against him violates due process of law under the Fourteenth Amendment. *Pointer v. Texas,* 380 U.S. 400, 405, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The standard of review for constitutional issues is de novo. *State v. Campbell,* 2006 ND 168, ¶ 6, 719 N.W.2d 374, *cert. denied,* — U.S. —, 127 S.Ct. 1150, — L.Ed.2d — (U.S. Jan. 22, 2007) (No. 06–564); *State v. Blue,* 2006 ND 134, ¶ 6, 717 N.W.2d 558.

■ [¶ 8] However, Loughead misconstrues the anonymous tipster's role in his criminal trial. The RAP tipster did not "testify" against Loughead for Sixth Amendment purposes. A person does not have the constitutional right to confront a mere informer who does not testify against him. *See Crawford v. Washington,* 541 U.S. 36, 51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In *Crawford,* the Supreme Court stated:

> The text of the Confrontation Clause reflects this focus [on testimonial hearsay]. It applies to "witnesses" against the accused–in other words, those who "bear testimony." 2 N. Webster, An American Dictionary of the English Language (1828). "Testimony," in turn, is typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Ibid.*

*Crawford,* 541 U.S. at 51, 124 S.Ct. 1354. The information provided by the anonymous tipster was not "testimony." The tipster did not testify at any pretrial or trial proceedings, and the information provided by the tipster was not a solemn declaration or affirmation used to establish or prove some fact. *See id.* The tipster merely provided information about illegal poaching to the Game and Fish department, which warranted further investigation. The game wardens did not approach Loughead until after speaking with the other members of his hunting party and obtaining specific information that Loughead had not immediately tagged a deer he had killed. A person does not have the constitutional right to confront a mere informer who does not testify against him. *See id.*

■ [¶ 9] Additionally, the State is not required to provide information to Loughead which is not in its possession, custody, or control. *See City of Grand Forks v. Scialdone,* 2005 ND 24, ¶ 8, 691 N.W.2d 198; N.D.R.Crim.P. 16. In this case, the RAP tipster was anonymous—the State did not have the tipster's identity. The State did not intend, nor was it possible, to call the tipster to testify without the tipster first disclosing his or her identity. Even if the State had the tipster's name, N.D.R.Ev. 509(a) creates a limited privilege against disclosure of the tipster's identity. Specifically, Rule 509(a) provides:

> The United States or a state or subdivision thereof has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law. . . .

■ This informer's privilege is unavailable in several instances, none of which apply here. N.D.R.Ev. 509(c), cmt. The anonymous tipster was a mere informer in this case. The State is not required to disclose the identity of a mere informer. Loughead's Confrontation Clause argument is without merit.

### B

■ [¶ 10] Loughead claims his *Miranda* rights were violated when Skuza

approached him and questioned him about the untagged deer. We recently explained *Miranda's* requirements in *State v. Genre,* 2006 ND 77, ¶¶ 23–24, 712 N.W.2d 624, where we stated:

> An officer is required to administer the *Miranda* warning when a person is subject to custodial interrogation. *State v. Martin,* 543 N.W.2d 224, 226–27 (N.D. 1996). A suspect is in custody when there is a formal arrest or restraint on the suspect's freedom of movement to the degree associated with a formal arrest. *Id.* at 226. When determining if a person is subject to custodial interrogation the court examines all circumstances surrounding the interrogation and considers what a " 'reasonable man in the suspect's position would have understood his situation.' " *Id.* [at 227] (quoting *Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)). Whether a suspect is "in custody" and entitled to a *Miranda* warning is a mixed question of law and fact and, therefore, is fully reviewable on appeal. *Martin,* at 226.

An individual detained during a routine traffic stop generally is not "in custody" for the purposes of *Miranda. See Berkemer,* 468 U.S. at 437–38, 104 S.Ct. 3138; *State v. Fasching,* 453 N.W.2d 761, 763–64 (N.D.1990). Likewise, ordering a driver out of the vehicle for officer safety or to issue a citation is reasonable and does not result in a custodial interrogation. *Pennsylvania v. Mimms,* 434 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); *State v. Mertz,* 362 N.W.2d 410, 412 (N.D.1985) (ordering driver into a squad car was reasonable).

Just as in *Genre,* Loughead was never taken into custody and, therefore, the officer was not required to read him the *Miranda* warning. *See Genre,* at ¶¶ 23–24. Loughead was temporarily questioned and issued a citation for not immediately tagging a deer he had killed. His movements were not restrained to the degree of a formal arrest. Moreover, Loughead failed to properly brief this issue and is raising it for the first time on appeal. *See State v. Haibeck,* 2006 ND 100, ¶ 9, 714 N.W.2d 52 ("Our Court will not consider an argument that is not adequately articulated, supported, and briefed."); *Riemers v. City of Grand Forks,* 2006 ND 224, ¶ 14, 723 N.W.2d 518 (declining to consider an issue raised for the first time on appeal); *Berlin v. State,* 2000 ND 13, ¶¶ 19–20, 604 N.W.2d 437 (same); *State v. Keller,* 550 N.W.2d 411, 412 (N.D.1996) (same). Accordingly, Loughead's *Miranda* claim fails.

## C

[¶ 11] Loughead claims he was subject to a vindictive prosecution. He claims his rights were violated because the State engaged in a "harass[ing] investigation & vindictive biased prosecution." He also claims the prosecutor was biased against him because the state's attorney refused to name the informants against him, denied him due process, denied him access to *Brady* materials, offered tainted testimony, incorrectly used evidence, and improperly questioned witnesses at trial. He claims the State's conduct in investigating and prosecuting him violated his rights under the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments. Loughead supports his argument by citing numerous cases which ruled on claims arising under 42 U.S.C. § 1983. Section 1983 is a federal statute that provides a civil cause of action when a government actor, acting under the color of law, deprives a citizen of constitutional

rights. Those cases are inapposite in this criminal proceeding. Loughead's claims can best be summarized as a selective-prosecution claim; however, his claim is meritless.

[¶ 12] "A selective-prosecution claim asks a court to exercise judicial power over a 'special province' of the Executive." *United States v. Armstrong*, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Prosecutors generally have broad discretion to enforce criminal laws. *See id.* There is a presumption of regularity in prosecutorial conduct and, " 'in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.' " *Id.* (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131 (1926)). Selective enforcement of the laws, without evidence of an improper motive, is not a constitutional violation. *Gray v. N.D. Game & Fish Dep't*, 2005 ND 204, ¶ 32, 706 N.W.2d 614. "In the ordinary case, 'so long as the prosecutor has probable cause to believe ... the accused committed an offense defined by statute, the decision whether ... to prosecute, and what charge to file ... generally rests entirely in [the prosecutor's] discretion.' " *Armstrong*, at 464, 116 S.Ct. 1480 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)). The prosecutor's discretion, however, is subject to constitutional restraints. *Id.; United States v. Batchelder*, 442 U.S. 114, 125, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979); *Gray*, at ¶ 32; *State v. Mathisen*, 356 N.W.2d 129, 133 (N.D.1984). The Due Process Clause prohibits prosecutors from basing a decision to prosecute on " 'an unjustifiable standard such as race, religion, or other arbitrary classification.' " *Armstrong*, at 464, 116 S.Ct. 1480; *accord Mathisen*, at 133. "A defendant claiming selective prosecution must establish other similarly situated individuals have not been prosecuted and the prosecution of the defendant is based upon constitutionally impermissible considerations." *Gray*, at ¶ 32; *accord Mathisen*, at 133; *State v. Knoefler*, 325 N.W.2d 192, 198 (N.D.1982).

[¶ 13] Loughead's vindictive prosecution claim fails. He presented no evidence other than his bare assertions that the prosecution vindictively prosecuted him. The prosecutor had probable cause for the charged offense. *See Armstrong*, 517 U.S. at 464, 116 S.Ct. 1480. Loughead failed to establish he was treated any differently than anyone else or was subjected to his prosecution due to any arbitrary classification. *See Gray*, 2005 ND 204, ¶ 32, 706 N.W.2d 614. Therefore, Loughead's claim fails.

D

[¶ 14] Loughead claims that his sentence is unfairly harsh, cruel, and unusual for the charged offense. " 'Our review of the sentence is generally confined to whether the court acted within the statutory sentencing limits.' " *State v. Dailey*, 2006 ND 184, ¶ 11, 721 N.W.2d 29 (quoting *State v. Murchison*, 2004 ND 193, ¶ 15, 687 N.W.2d 725). "A district court judge is allowed the widest range of discretion in sentencing." *Id.* (citing *Murchison*, at ¶ 15).

[¶ 15] In this case, the district court imposed a sentence within the statutory sentencing limits. Section 12.1–32–01(5), N.D.C.C., allows a court to sentence a defendant convicted of a class A misdemeanor to a $2,000 fine, one year's imprisonment, or both. Probation is authorized in Loughead's case under N.D.C.C. § 12.1–32–06.1(1). Every provision of

Loughead's sentence is statutorily authorized or mandated. In addressing these concerns, the district court noted:

> The sentence, including all of the terms and conditions of [Loughead's] probation, is well within the minimum and maximum amount which the Court could impose. The sentence is typical for this type of offense, and the Court does not find that it is cruel and unusual.

Since the sentence is within the statutorily prescribed limits, the district court did not abuse its discretion in sentencing Loughead. *Dailey,* 2006 ND 184, ¶ 11, 721 N.W.2d 29.

## IV

[¶ 16] Loughead claims the State violated his rights to discovery under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Loughead asserts his rights to discovery material were violated because the State failed to provide the name of the anonymous RAP tipster and by the State's production of an audio recording Loughead asserts was edited and spliced. We will address Loughead's claim under both our rules of criminal procedure and the Constitution.

### A

[¶ 17] Rule 16, N.D.R.Crim. P., governs discovery in criminal cases. *City of Grand Forks v. Ramstad,* 2003 ND 41, ¶ 16, 658 N.W.2d 731. Under N.D.R.Crim.P. 16, the prosecution must disclose, upon the defendant's request, statements of the defendant, the defendant's previous record, documents and objects, any reports of examinations and tests, and information concerning expert witnesses within the prosecution's possession, custody, or control. *See State v.*

*Thorson,* 2003 ND 76, ¶ 10, 660 N.W.2d 581; N.D.R.Crim.P. 16. Rule 16 is "not a constitutional mandate, and is designed to further the interests of fairness." *Ramstad,* at ¶ 17 (citing *State v. Ensminger,* 542 N.W.2d 722, 723 (N.D.1996); *State v. McNair,* 491 N.W.2d 397, 400 (N.D.1992)). We review a trial court's decision regarding alleged discovery violations under the abuse of discretion standard. *Ramstad,* at ¶ 17.

[¶ 18] Rule 16(a) does not require the prosecutor to disclose information that is not in the State's possession, custody, or control. *See Scialdone,* 2005 ND 24, ¶ 8, 691 N.W.2d 198; N.D.R.Crim.P. 16. As we concluded above, the State was not required to disclose the identity of the RAP tipster because it was not testimony, the information was not in the State's possession, custody, or control, and N.D.R.Ev. 509(a) creates a limited privilege against disclosure of the tipster's identity. With respect to the audio recording, the State alleges it made the audio recording available for Loughead to inspect or copy, which is what the rule requires. N.D.R.Crim.P. 16(a)(1)(A), (D). Loughead did not controvert the State's allegation. Loughead provides nothing to support his assertions the tapes were improperly edited. Without more, we cannot hold the district court abused its discretion in denying Loughead's claims.

### B

[¶ 19] Loughead bases his discovery argument on the Constitution and *Brady v. Maryland.* Loughead also raised a discovery issue under the *Jencks* Act, which we will not address due to its inapplicability here. *See State v. Hager,* 271 N.W.2d 476, 482 (N.D.1978) ("[T]he *Jencks* Act [is] not constitutionally mandated and thus [is]

not binding on the state's criminal courts.").

[¶ 20] We recently explained the *Brady* standard in *Rummer v. State,* which provides:

"In *Brady [v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) ], the United States Supreme Court held that suppression by the prosecution of evidence favorable to an accused violates due process if the evidence is material to guilt or punishment." *Syvertson v. State,* 2005 ND 128, ¶ 6, 699 N.W.2d 855 (quoting *Ramstad,* 2003 ND 41, ¶ 9, 658 N.W.2d 731). To establish a *Brady* violation, the defendant must prove: " '(1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability exists that the outcome of the proceedings would have been different if the evidence had been disclosed.' " *Syvertson,* at ¶ 6 (quoting *State v. Goulet,* 1999 ND 80, ¶ 15, 593 N.W.2d 345).

*Rummer,* 2006 ND 216, ¶ 21, 722 N.W.2d 528. Loughead failed to present any evidence to satisfy any of the *Brady* requirements. *See id.* Therefore, his *Brady* claim is meritless.

### V

[¶ 21] Loughead argues he did not receive effective assistance of counsel because his pretrial attorney, which he fired, was "lazy" and gave him "wrong advise on how to get copies of both game wardens tape recordings of this incident." Loughead's claim is without merit.

[¶ 22] To the extent Loughead asserts he was ineffective at trial, his claim fails. By proceeding pro se, he waived his argument of ineffective assistance of counsel at trial. *See Faretta v. California,* 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In *Faretta,* at 834 n. 46, 95 S.Ct. 2525 the U.S. Supreme Court stated:

The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of "effective assistance of counsel."

*See also State v. Hart,* 1997 ND 188, ¶ 25, 569 N.W.2d 451 (quoting *Faretta,* at 834 n. 46, 95 S.Ct. 2525).

[¶ 23] To the extent Loughead argues his pretrial counsel was ineffective, Loughead failed to present this argument in his post-conviction relief application. We will treat his claim as one raised for the first time on direct appeal. Loughead failed to meet his burden of proof. Therefore, his ineffective assistance of counsel claim is without merit.

[¶ 24] A defendant claiming ineffective assistance must establish two elements: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defendant. *State v. Palmer,* 2002 ND 5, ¶ 11, 638 N.W.2d 18 (citing *Wilson v. State,* 1999 ND 222, ¶ 8, 603 N.W.2d 47). To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must specify how and where trial counsel was incompetent and the

probable different result. *Id.* Normally, an ineffective assistance claim should be raised in a post-conviction proceeding, "so the parties can fully develop a record . . . of counsel's performance and its impact on the defendant's claim." *State v. Bertram,* 2006 ND 10, ¶ 39, 708 N.W.2d 913. In *Bertram,* at ¶ 39, we stated:

When a claim for ineffective assistance of counsel is argued on direct appeal, we review the record to decide if the assistance of counsel was plainly defective. [*Palmer,* 2002 ND 5, ¶ 12, 638 N.W.2d 18]. Unless the record affirmatively shows ineffectiveness of constitutional dimensions, the complaining party must show some evidence in the record to support the claim. *Id.* Representations and assertions of appellate counsel are not enough to establish a claim of ineffective assistance. *Id.* To successfully claim ineffective assistance of counsel, a defendant must establish counsel's representation fell below an objective standard of reasonableness and the defendant was prejudiced by counsel's deficient performance. *Heckelsmiller v. State,* 2004 ND 191, ¶ 3, 687 N.W.2d 454.

[¶ 25] The effectiveness of counsel's representation is measured objectively considering the prevailing professional norms. *Cf. Johnson v. State,* 2006 ND 122, ¶ 20, 714 N.W.2d 832 (analyzing ineffective assistance in a post-conviction relief appeal). A complainant must overcome a strong presumption that counsel's representation fell within the wide range of reasonableness and we will consciously attempt to limit the distorting effect of hindsight. *Cf. Wright v. State,* 2005 ND 217, ¶ 10, 707 N.W.2d 242 (discussing an ineffective assistance in a post-conviction relief appeal).

[¶ 26] First, without an established record, Loughead failed to show how his counsel's performance was objectively deficient. Loughead claims a reasonable lawyer would have been able to gather the information faster and would have cited relevant authorities in the motions. On this record, there is insufficient evidence to prove counsel's performance was objectively deficient. Loughead cannot overcome the strong presumption of reasonableness. *See id.* Therefore, his claim fails to meet the performance prong.

[¶ 27] Second, even assuming Loughead met the requirements of the performance prong, he failed to show how his counsel's performance prejudiced him, or that the outcome would have been different but for the errors of counsel. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Johnson,* 2006 ND 122, ¶ 20, 714 N.W.2d 832. Without a more developed record, Loughead cannot prove his pretrial counsel's performance prejudiced him. His ineffective assistance claim also fails under the prejudice prong.

[¶ 28] On this record, we cannot conclude Loughead's pretrial counsel's representation fell below an objective standard of reasonableness, or that Loughead was prejudiced. We affirm Loughead's conviction "without prejudice to him to pursue an ineffective assistance of counsel claim at a post-conviction proceeding." *See Bertram,* 2006 ND 10, ¶ 42, 708 N.W.2d 913.

## VI

[¶ 29] We have considered Loughead's remaining issues and find them to be without merit or unnecessary to our decision. *See City of Bismarck v. Witzke,* 2005 ND 170, ¶ 2, 709 N.W.2d 21; *State v. Sisson,* 1997 ND 158, ¶ 21, 567 N.W.2d 839; *State v. Glaesman,* 545 N.W.2d 178, 182 (N.D.

1996); *State v. Stuart*, 544 N.W.2d 158, 163 (N.D.1996). Therefore, we decline to address them.

## VII

[¶ 30] We conclude Loughead's constitutional rights were not violated and he did not receive ineffective assistance of counsel. We affirm the district court.

[¶ 31] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS and MARY MUEHLEN MARING, JJ., Concur.