Filed 8/18/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 165

In the Matter of Larry Gene Rubey

Ladd R. Erickson, State’s Attorney, Petitioner and Appellee

v.

Larry Gene Rubey, Respondent and Appellant

No. 20100292

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Ladd Ronald Erickson (on brief), State’s Attorney, P.O. Box 1108, Washburn, N.D. 58577-1108, for petitioner and appellee.

Gregory Ian Runge (on brief), 1983 East Capitol Avenue, Bismarck, N.D. 58501, for respondent and appellant.

Matter of Rubey

No. 20100292

Sandstrom, Justice.

[¶1] Larry Rubey appeals from the district court order committing him as a sexually dangerous individual under N.D.C.C. ch. 25-03.3.  Because
 there is clear and convincing evidence supporting the district court’s decision that Rubey is a sexually dangerous individual, is likely to engage in further acts of sexually predatory conduct, and has serious difficulty in controlling his behavior
, we affirm.

I

[¶2] In February 2010, the McLean County State’s Attorney petitioned the district court for the commitment of Rubey as a sexually dangerous individual under N.D.C.C. ch. 25-03.3.  After a March 2010 preliminary hearing, the court found probable cause that Rubey was a sexually dangerous individual and transferred him to the North Dakota State Hospital for an evaluation.  The court also appointed an independent expert after Rubey’s request for an independent evaluation.  The State’s expert, Dr. Robert Lisota, filed his Psychological SDI Evaluation of Rubey on April 29, 2010.  The independent expert, Dr. Edward Kelly, filed his Independent SDI Evaluation with the district court on July 16, 2010.

[¶3] On August 5, 2010, the district court held a hearing on the petition for involuntary commitment.  The State presented exhibits consisting of Rubey’s prior criminal judgments, Dr. Lisota’s curriculum vitae, and Dr. Lisota’s evaluation report.  Although the independent expert, Dr. Edward Kelly, was present by telephone, only the State’s expert, Dr. Lisota, testified.  Rubey presented no witnesses or exhibits.  The district court found by clear and convincing evidence that Rubey is a sexually dangerous individual and committed him to the care, custody, and control of the executive director of the Department of Human Services under N.D.C.C. ch. 25-03.3. 

[¶4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 25-03.3-02.  The appeal was timely under N.D.C.C. § 25-03.3-19.  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 25-03.3-19.

II

[¶5] This Court’s standard of review for civil commitment of a sexually dangerous individual is well-established:

We review civil commitments of sexually dangerous individuals under a modified clearly erroneous standard in which we will affirm a district court’s order “unless it is induced by an erroneous view of the law or we are firmly convinced [the order] is not supported by clear and convincing evidence.”

 

In re T.O.
, 2009 ND 209, ¶ 8, 776 N.W.2d 47 (quotations omitted).  The State must prove that the respondent is a sexually dangerous individual by clear and convincing evidence.  
See
 N.D.C.C. § 25-03.3-13.   A “sexually dangerous individual” means:

[A]n individual who is shown to have engaged in sexually predatory conduct and who has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction that makes that individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

 

N.D.C.C. § 25-03.3-01(8).  “The phrase ‘likely to engage in further acts of sexually predatory conduct’ means the individual’s propensity towards sexual violence is of such a degree as to pose a threat to others.”  
Matter of E.W.F.
, 2008 ND 130, ¶ 10, 751 N.W.2d 686 (quotation omitted).  Substantive due process requires proof that the individual facing commitment has serious difficulty controlling his behavior.  
See
 
Matter of E.W.F.
, at ¶ 10; 
see
 
also
 
Kansas v. Crane
, 534 U.S. 407, 413 (2002).

[¶6] This Court has also discussed what constitutes sufficient findings for civil commitment decisions:

Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in [or has sustained] its burden of proof is inadequate under the rule.  The court must specifically state the facts upon which its ultimate conclusion is based . . . .  The purpose of the rule is to provide the appellate court with an understanding of the factual issues and the basis of the district court’s decision.  Because this Court defers to a district court’s choice between two permissible views of the evidence and the district court decides issues of credibility, 
detailed findings are particularly important when there is conflicting or disputed evidence
.

 

In re R.A.S.
, 2008 ND 185, ¶ 8, 756 N.W.2d 771 (quotations and citations omitted) (emphasis added).  “Detailed findings, including credibility determinations and references to evidence the court relied on in making its decision, inform the committed individual and this Court of the evidentiary basis for the court’s decision.”  
Id.
 at ¶ 9.  

III

[¶7] Rubey’s brief on appeal identifies three issues:  whether the district court erred in failing to specifically find facts and separately state conclusions of law when it entered its order for commitment; whether the court erred in its order by stating it considered the testimony of the independent expert; and whether the court erred in concluding there was clear and convincing evidence that Rubey engaged in sexually predatory conduct, had a congenital or acquired condition manifested by a sexual, personality, or other disorder or dysfunction that makes Rubey likely to engage in further acts of sexually predatory conduct which would constitute a danger to the physical or mental health of others, and has serious difficulty in controlling his behavior.  In his brief, however, Rubey concedes that he engaged in sexually predatory conduct and that he has 
a congenital or acquired condition manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction.  On appeal, Rubey argues there was no clear and convincing evidence and the court did not make specific findings whether there was a nexus or connection between Rubey’s pedophilia diagnosis and the predictability he was likely to engage in future predatory conduct.  Rubey also argues there was no clear and convincing evidence and the court did not address whether he had difficulty 
in controlling his behavior.  

[¶8] Here 
both experts’ reports were filed with the district court, and a commitment hearing was held; however, only the State’s expert, Dr. Lisota, testified.  Rubey’s attorney decided during the hearing not to have Dr. Kelly testify.  After the examination and cross-examination of the State’s expert witness, the district court made the following specific findings and conclusions on the record:

Based on the evidence that’s been presented, I do believe that the State has established that the respondent is a sexually dangerous offender, specifically there is evidence that he has engaged in sexually predatory conduct, specifically a gross sexual imposition conviction in May of 1988, a gross sexual imposition conviction in June of 1999, corruption or solicitation of a minor conviction in June of—June 17th of 1999.  There has been some uncharged sexual contact.  I’m not considering anything that there was inadequate foundation for, but Dr. Lisota did testify that in his review of the reports, the respondent did admit to sexually predatory conduct, so that prong has been established.  The State has established that the respondent does have a congenital or acquired condition that is manifested by a sexual disorder, personality disorder, or other mental disorder, specifically a diagnosis—or several diagnoses of pedophilia.  Also, there’s some diagnoses of mental disorders that Dr. Lisota said are not relevant to any of these prongs, however the pedophilia diagnosis in and of itself is a congenital sexual disorder.  
The evidence also establishes that the respondent is an individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others
, specifically Dr. Lisota testified that pedophilia itself in this case makes the respondent likely to engage in sexually predatory conduct.  There is also the factor that he has been non-compliant with sex offender treatment and never has actually engaged or involved in any treatment at any level.  The risk assessment instruments indicate a likelihood of re-offending.  
Further, the evidence establishes that the respondent would have serious difficulty controlling his behavior
, specifically the pedophilia diagnosis contributes to that.  The fact that he is likely to engage in sexually predatory conduct and the fact that he has, at the very least, failed to participate or complete any program of treatment.  For those reasons, the Court believes that the State has established that the respondent is a sexually dangerous individual requiring treatment in the care and custody of the superintendent.  

 

(Emphasis added.)

[¶9] In its subsequent August 5, 2010, written order, however, the district court stated: 

This matter came on for commitment hearing on August 5, 2010. Respondent was represented by Greg Runge and the Petition was filed by McLean County State’s Attorney Ladd Erickson.  Prior to the hearing the Court was provided with copies of the evaluations conducted by Dr. Robert Lisota and Dr. Edward L. Kelly, the respondent’s independent evaluator.  Testimony was provided to the Court by both Dr. Lisota and Dr. Kelly. 

Both Dr. Lisota and Dr. Kelly based their opinions on Larry Rubey’s history of sexually predatory conduct and found him [to] be a sexually dangerous individual.

The Court finds by clear and convincing evidence Larry Rubey is a sexually dangerous individual.  As a sexually dangerous individual Larry Rubey shall be committed to the care, custody and control of the executive director as defined by N.D.C.C. 25-03.3.

  

[¶10] Although Rubey contends on appeal that the district court erred in failing to find facts and state separately its conclusions of law when it entered its order for commitment, the record contains the court’s factual findings made during the hearing, which are supported by the testimony and evidence presented.  The district court made findings that Rubey is likely to engage in further acts of sexually predatory conduct and that he has serious difficulty in controlling his behavior.  These findings are based upon the uncontradicted testimony of the State’s expert and his report.  Rubey’s issues on appeal are without merit.

[¶11] Additionally, although Rubey identifies as an issue that the district court erred in its order by stating it considered the “testimony” of Rubey’s independent expert, this issue was not developed or adequately briefed on appeal.  
See
 
Interest of J.K.
, 2009 ND 46, ¶ 27, 763 N.W.2d 507; 
State v. Loughead
, 2007 ND 16, ¶ 10, 726 N.W.2d 859.  Presumably, Rubey is taking issue with the fact that his own expert was not called to testify during the hearing.  Rubey’s counsel requested a continuance so Dr. Kelly could submit his written evaluation and could attend the hearing, and Dr. Kelly’s report was filed with the court on July 16, 2010.  However, the district court indicated on the record during the hearing that it was not considering anything for which there was inadequate foundation.  It is also apparent from the district court’s findings at the hearing that it relied on Dr. Lisota’s testimony and evaluation in making its findings and conclusions.  Rubey has not briefed, argued, or attempted to establish any prejudice from the district court’s erroneous statement in its written order that noted Dr. Kelly’s “testimony,” and such error may in fact be harmless.  
See
 N.D.C.C. § 25-03.3-13 (“At the commitment proceeding, any testimony and reports of an expert who conducted an examination are admissible, including risk assessment evaluations.”).  Nonetheless, the issue has not been preserved. 

[¶12] On the basis of our review of the record, we conclude there was clear and convincing evidence supporting the district court’s decision that Rubey is a sexually dangerous individual likely to engage in further acts of sexually predatory conduct who has serious difficulty in controlling his behavior. 

IV

[¶13] The district court order is affirmed.

[¶14] Dale V. Sandstrom

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.

Kapsner, Justice, concurring.

[¶15] I concur only because there is no evidence to dispute the ruling of the court.  Were there any conflicting evidence, the findings of the district court, which do little more than mirror the statutory language of N.D.C.C. § 25-03.3-13, would be inadequate to sustain the order.  Commitment is a judicial function.  We know little of the facts relied on by the judge to commit Rubey, except his diagnosis of pedophilia and his failure to participate in treatment.

[¶16] Carol Ronning Kapsner

Daniel J. Crothers