FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
AUGUST 4, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 157

State of North Dakota,                                   Plaintiff and Appellee

v.

Robert John Pulkrabek,                              Defendant and Appellant

### Nos. 20220010, 20220011, 20220012, 20220013

Appeal from the District Court of Ransom County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Fallon M. Kelly, State's Attorney, Lisbon, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   This is a consolidated appeal from four criminal judgments. Robert John Pulkrabek argues the district court committed a structural error by violating his right to counsel when asking Pulkrabek whether he agreed to trial dates outside the 90 day window in the Uniform Mandatory Disposition of Detainers Act. We affirm.

I

[¶2]   In October 2018, Pulkrabek was charged with driving under the influence, resisting arrest, and driving under suspension. In July 2020, he was charged with driving under suspension and failure to transfer title. In November 2020, he was charged with three counts of issuing checks without sufficient funds. In March 2021, he was charged with two counts of terrorizing. On June 1, 2021, Pulkrabek filed a request for final disposition of the pending charges within 90 days under the Uniform Mandatory Disposition of Detainers Act, N.D.C.C. ch. 29-33. If not waived or extended, the 90 day deadline expired on August 30, 2021.

[¶3]   The district court scheduled a status conference for June 17, 2021. At the hearing, the court allowed Pulkrabek's first attorney to withdraw. The court then discussed the timeline for trials with Pulkrabek and told Pulkrabek he would be assigned new counsel. The court advised Pulkrabek he was entitled to trials within 90 days but asked if he was comfortable with the trial dates already scheduled in three of the cases. Pulkrabek responded "yes" and stated "I'm comfortable with those dates." Trials were set for October 6 and 8, 2021.

[¶4]   Regarding the fourth case, the district court advised Pulkrabek he was entitled to trial within 90 days but it would be difficult to schedule within that time. The court told Pulkrabek to talk to his new attorney about scheduling. Pulkrabek responded that he would like time to prepare for the trial and his

1

main concern was having adequate counsel. The preliminary hearing was scheduled for July 15, 2021.

[¶5] On June 23, 2021, Pulkrabek's second attorney was appointed. At the July 15, 2021 preliminary hearing, the attorney requested that the hearing be continued to a later date based on her recent appointment and the need to prepare. The court granted her request and rescheduled the preliminary hearing for September 9, 2021. Due to transportation problems, Pulkrabek was unable to attend the preliminary hearing, so it was rescheduled for October 7, 2021.

[¶6] Pulkrabek's second attorney moved to withdraw from the representation on September 27, 2021. At the October 4, 2021 status conference, the district court granted the withdrawal and stated the trials and preliminary hearing would be rescheduled due to a third attorney assignment. The court advised Pulkrabek that would be the final time trials were continued. Pulkrabek told the court he was filing a motion to dismiss his pending cases. Days later, a third attorney was appointed to represent Pulkrabek.

[¶7] On October 15, 2021, Pulkrabek filed a letter requesting dismissal based on expiration of the 90 day deadline for disposition of the pending charges. A hearing on the motion took place in November 2021. The district court issued an order denying Pulkrabek's motion to dismiss, finding good cause to reschedule the trials and that Pulkrabek waived his right to prompt trials.

[¶8] Pulkrabek subsequently entered into a global plea agreement covering all cases and pleaded guilty to the charges. Judgments were entered accordingly.

II

[¶9] Pulkrabek argues the district court committed a structural error by violating his right to counsel. More specifically, he argues the court erred by permitting his attorney to withdraw and, at the same proceeding, subsequently asking Pulkrabek whether he agreed to trial dates outside the 90 day window in the Uniform Mandatory Disposition of Detainers Act. Pulkrabek further

argues that his uncounseled waivers were ineffective, resulting in the State not bringing him to trial within 90 days and thereafter losing jurisdiction over the charges, requiring dismissal with prejudice. *See* N.D.C.C. § 29-33-03. For this same reason Pulkrabek argues the case presents a jurisdictional issue for which review was not waived by his guilty pleas. *State v. Tinsley*, 325 N.W.2d 177, 179 (N.D. 1982).

[¶10] Pulkrabek correctly points out that structural errors are intrinsically harmful and render a trial fundamentally unfair. *See Arizona v. Fulminante*, 499 U.S. 279, 310, 111 S.Ct. 1246 (1991); *see also State v. Decker*, 2018 ND 43, ¶ 8, 907 N.W.2d 378. However, he cites no case supporting the proposition he could not waive his rights under the Detainers Act without counsel, or even if he could not, that such a violation constituted a structural error.

A

[¶11] The Uniform Mandatory Disposition of Detainers Act applies to instances "where a detainer has been filed against a person imprisoned in a penal or correctional institution in the State of North Dakota." *State v. Lafromboise*, 2021 ND 80, ¶ 10, 959 N.W.2d 596 (quoting *State v. Hinojosa*, 2011 ND 116, ¶ 7, 798 N.W.2d 634). The Act states:

> "Within ninety days after the receipt of the request and certificate by the court and prosecuting official or within such additional time as the court for good cause shown in open court may grant, the prisoner or the prisoner's counsel being present, the indictment, information, or complaint must be brought to trial, but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for the attorney to be heard. If, after such a request, the indictment, information, or complaint is not brought to trial within that period, no court of this state any longer has jurisdiction thereof, nor may the untried indictment, information, or complaint be of any further force or effect, and the court shall dismiss it with prejudice."

N.D.C.C. § 29-33-03.

[¶12] In the felony case, Pulkrabek's second counsel waived compliance with the 90 day window by requesting more time to prepare for the preliminary hearing. Counsel can make such a waiver, even without consulting the defendant. *State v. Carlson*, 258 N.W.2d 253, 258 (N.D. 1977). We have recognized that defense requests for additional time, and the additional time required when a criminal defendant discharges appointed counsel and seeks new counsel, can waive strict compliance with the Detainers Act. *Id.*; *Hinojosa*, 2011 ND 116, ¶¶ 8, 10. Therefore, we need not consider the consequences of not bringing the felony charges to trial within 90 days because Pulkrabek, through counsel, waived compliance.

B

[¶13] Regarding the misdemeanor charges, the question is whether the district court committed a structural error by permitting Pulkrabek to make an uncounseled agreement to trial dates outside the 90 day window. We conclude such an agreement was permitted.

[¶14] Article 1, section 12 of the North Dakota Constitution and the Sixth Amendment of the United States Constitution guarantee a criminal defendant's right to counsel at all critical stages of prosecution. *State v. Yost*, 2014 ND 209, ¶ 10, 855 N.W.2d 829. "[A] defendant has the right to have counsel present 'at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial.'" *State v. Rogers,* 2018 ND 244, ¶ 13, 919 N.W.2d 193 (quoting *United States v. Wade*, 388 U.S. 218, 226 (1967)). The purpose behind the right to counsel is for the "accused to procure a fair trial." *State v. Orr*, 375 N.W.2d 171, 177-78 (N.D. 1985).

[¶15] A pretrial court proceeding is a "critical stage" if "the presence of counsel is necessary to preserve the defendant's right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself." *State v. Lewis*, 300 N.W.2d 210, 217 (N.D. 1980) (quoting *Wade*, 388 U.S. at 227). This Court has determined critical stages include preliminary hearings, competency hearings, and sentencing. *State v. Murchison,* 2004 ND

4

193, ¶ 8, 687 N.W.2d 725 ("A preliminary hearing conducted for [the purpose of determining probable cause] is considered a critical stage of the proceedings at which the defendant has a constitutional right to representation by counsel."); *Rogers*, 2018 ND 244, ¶ 13 ("A competency hearing is a critical phase for purposes of the right to counsel."); *Yost*, 2014 ND 209, ¶ 10 ("Sentencing is a critical stage at which a defendant is entitled to effective assistance of counsel.").

[¶16] The district court held a status conference on June 17, 2021, after Pulkrabek requested disposition of pending cases under the Detainers Act, and after Pulkrabek's second attorney requested to withdraw. The court granted the attorney's withdrawal and discussed the scheduling of trials in Pulkrabek's pending cases. The court advised Pulkrabek he was entitled to trials within 90 days but asked if Pulkrabek was comfortable with trial taking place in October. Pulkrabek responded "yes" and stated he was "comfortable with those dates." The conversation pertained to the court's scheduling and not to evidence, witnesses, or legal theories involved in Pulkrabek's cases.

[¶17] Pulkrabek has pointed us to no case holding the Sixth Amendment prevents an uncounseled defendant from waiving a Detainers Act demand, and we have found no case supporting his claim. Nor were we shown, and have not found, any case supporting the proposition such uncounseled action constitutes a structural error, as argued by Pulkrabek. We therefore conclude counsel's absence did not violate Pulkrabek's right to fair trials in his pending cases. *See Rogers*, 2018 ND 244, ¶ 13. Thus, the district court did not commit a structural error in allowing Pulkrabek to waive his right to trial within 90 days.

III

[¶18] The State argues the district court found good cause to continue trials past the 90 day deadline in the Detainers Act regardless of the waivers. Answering this question would be advisory because of our conclusion Pulkrabek waived the 90 day deadline for trial. *State v. Hammer*, 2010 ND 152, ¶ 32, 787 N.W.2d 716.

5

IV

[¶19] Pulkrabek, through his attorney and on his own, waived his right to trials within 90 days of his Detainers Act demand. The criminal judgments are affirmed.

[¶20] Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte